UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 13-291 (PAM) |
| | Civ. No. 17-2252 (PAM) |
| Plaintiff, | |
| v. | **ORDER** |
| Neiman Regis Adams, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Docket No. 103), based on alleged ineffective assistance of counsel. For the following reasons, the Motion is denied.

The Indictment charged Defendant with robbing the Virginia Cooperative Credit Union in Virginia, Minnesota, on August 13, 2013. Defendant entered a plea of not guilty and proceeded to a jury trial in the spring of 2014. At that trial, in order to establish a federal nexus, the Government offered testimony from the Credit Union's president that it was federally chartered and its deposits were insured by the National Credit Union Administration ("NCUA"). (See Docket No. 104-1.) The Government also offered as an exhibit a March 10, 2014 written certification from the NCUA, which specified that the Credit Union was chartered on June 15, 1977, and that its deposits "have remained federally insured since that date." (Id.) Defendant's counsel did not object to either the testimony or the exhibit's introduction.

On April 8, 2014, the jury found Defendant guilty, and the Court later sentenced him to 240 months' imprisonment. Defendant appealed, raising a suppression issue, but the Eighth Circuit affirmed his conviction on April 11, 2016. (See Docket No. 99.)

Defendant filed the instant Motion on June 23, 2017. He argues that his trial counsel was ineffective for "fail[ing] to object at a piv[o]tal phase when the [G]overnment failed to establish the [federally] insured status" of the Credit Union, "which is a[n] essential element of the crime beyond a reasonable doubt." (Docket No. 104 at 4.)[1] He also argues that his counsel was ineffective by failing to object when the Government offered the NCUA certification. (Id. at 4-5.) Lastly, although not mentioned in his Memorandum, Defendant contends his appellate counsel was ineffective for failing to raise these issues on appeal. (See Docket No. 103 at 4.) None of Defendant's contentions has merit.

In order to be entitled to relief based on ineffective assistance, Defendant must show, among other things, that his counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). Defendant cannot do so here, because his counsel did not err in failing to object to either the testimony regarding the Credit Union's insured status or to the introduction of the NCUA certification. Though not entirely clear, it appears that Defendant's contention is that the president's testimony established only that the Credit Union was insured on the

---

[1] This argument does not appear to be one of ineffective assistance, but rather failure by the Government to sustain its burden of proof. Defendant could have—and should have –raised that argument on appeal, and the failure to do so could be deemed to bar him from asserting it now. But because Defendant also asserts ineffective assistance of appellate counsel, the Court will address the argument on the merits.

date the president testified, not on the date of the robbery. (Docket No. 104 at 5.) But the Credit Union's president testified that the Credit Union was chartered in 1977 and that "we are insured up to 250,000 [dollars] and backed by the full faith and credit of the United States Government." (Trial Tr. at 31-32.) This was sufficient to permit the jury to infer the Credit Union was federally insured on the date of the robbery. See, e.g., United States v. Hadamek, 28 F.3d 827, 827-28 (8th Cir. 1994) ("At trial, [the] president of the bank at the time of the fraud[] testified without contradiction that the bank's deposits 'are' insured by the Federal Deposit Insurance Corporation (FDIC) . . . . We conclude that this testimony was sufficient to allow the jury to infer that the bank was FDIC insured on the date of the fraud."). Thus, counsel was not ineffective for failing to raise an objection. And because this testimony alone was sufficient to sustain the Government's burden of proof, counsel cannot have been ineffective for failing to object to the introduction of the NCUA certification, or for failing to raise these issues on appeal. Accordingly, Defendant is not entitled to relief.

Finally, the Court declines to issue a certificate of appealability. A defendant who seeks review of an order denying a motion under 28 U.S.C. § 2255 must obtain such a certificate, which will not be granted unless he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B), (c)(2); accord, e.g., Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006). He must show the issues are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris,

133 F.3d 565, 569 (8th Cir. 1997).  For the reasons stated above, Defendant cannot meet this exacting standard here.

Accordingly, **IT IS ORDERED that** Defendant's Motion under 28 U.S.C. § 2255 (Docket No. 103) is **DENIED**.  The Court **DECLINES** to issue a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated:  November 2, 2017                        *s/ Paul A. Magnuson*
                                                             Paul A. Magnuson
                                                             United States District Court Judge