UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 13-291 (PAM/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Neiman Regis Adams, | |
| Defendant. | |

This matter comes before the Court on Defendant Neiman Regis Adams's "Motion for Relief Under AEDPA Borden Aggravated Robbery." (Docket No. 118.)

Adams was sentenced to 240 months' imprisonment in 2014, after a jury found him guilty of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). (Docket No. 72.) Adams appealed, raising a suppression issue, and the Eighth Circuit Court of Appeals confirmed his conviction. (Docket Nos. 99, 100.) Subsequently, Adams filed a habeas petition under 28 U.S.C. § 2255, but the Court rejected his claims and no certificate of appealability issued. (Docket No. 109.) Likewise, the Eighth Circuit denied his application for a certificate of appealability. (Docket No. 115.)

Although Adams titles his filing as a Motion under the Antiterrorism and Effective Death Penalty Act, 18 U.S.C. § 153 et seq., it is substantively a successive § 2255 Motion. The Court of Appeals has "consistently held that inmates may not bypass the limitation on successive habeas petitions" by bringing successive § 2255 actions under other names. United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002); see Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment,

mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls."). In order for this Court to hear Adams's successive § 2255 Motion, he must have permission from the Eighth Circuit.  But Adams has not sought and received such permission from that court, so his claims are not properly before the Court.  28 U.S.C. § 2255(h).

Even if the Court had jurisdiction to hear Adams's claims, however, they are without merit.  Adams ostensibly argues that either he should be resentenced or his sentence should be vacated because, pursuant to Borden v. United States, 141 S. Ct. 1817 (2021), he no longer qualifies as a  career offender under U.S.S.G. § 4B1.1.  Adams is incorrect.  In Borden, the Supreme Court held that crimes requiring a mental state of recklessness cannot be crimes of violence under the Armed Career Criminal Act, 18 U.S.C. 924(e).  Id. at 1834.  Adams was previously convicted of aiding and abetting aggravated robbery and armed bank robbery, neither of which are crimes of recklessness.  (Docket No. 76 at 4.)  Indeed, "[t]he Eighth Circuit has held that aggravated robbery in Minnesota—both in the first degree and in the second degree—is a crime of violence."  United States v. Pena, No. 13cr188(3), 2022 WL 420785, at *2 n.1 (D. Minn. Feb. 11, 2022) (Schlitz, J).  Thus, Borden does not affect Adams's career-offender status or entitle him to relief, and if he believes this Court is mistaken in that conclusion, he must receive permission from the Eighth Circuit Court of Appeals to raise such a claim.  See id.  Further, any argument that Adams raises regarding divisible offenses is irrelevant, as his previous convictions occurred years apart in 2003 and 2009, respectively.  (See Docket No. 76 at 4.)

Accordingly, **IT IS HEREBY ORDERED that** Defendant Neiman Regis Adams's Motion "Motion for Relief Under AEDPA <u>Borden</u> Aggravated Robbery" (Docket No. 118) is **DENIED**.

Dated:    June 15, 2022

                                                        *s/Paul A. Magnuson*
                                                    Paul A. Magnuson
                                                    United States District Court Judge